**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WIDARYS RODRIGUEZ,

        Plaintiff,

v.                                          Case No:   6:22-cv-1056-RBD-LHP

SIEMENS ENERGY, INC.,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   DEFENDANT SIEMENS ENERGY, INC.'S MOTION TO COMPEL DISCOVERY (Doc. No. 15)
>
> **FILED:**      February 7, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

By the above-styled motion, Defendant seeks an order compelling Plaintiff to respond to Defendant's First Set of Interrogatories and First Request for Production, and to appear for deposition within (30) days of Plaintiff's response to the discovery.  Doc. No. 15.  According to the motion, Defendant first served its

Interrogatories and Requests for Production on Plaintiff on August 9, 2022, and thereafter attempted for several months to obtain responses to both. *Id.*, ¶¶ 2-7; *see also* Doc. Nos. 15-1 through 15-8. Plaintiff, who at all times remains represented by counsel,[1] provided unverified responses to the Interrogatories on November 8, 2022, later provided a separate verification page on December 6, 2022, but never provided any responses to the Requests for Production. Doc. No. 15, ¶¶ 8-10; *see also* Doc. Nos. 15-9 through 15-11. Defendant asserts that it also notified Plaintiff, through counsel, of numerous deficiencies in the Interrogatory responses, as well as continued to attempt to obtain responses to the Requests for Production, all to no avail. Doc. No. 15, ¶¶ 9-12; *see also* Doc. Nos. 15-10 through 15-12. Defendant has also attempted to schedule Plaintiff's deposition, but Plaintiff's counsel has refused to provide any dates for same. Doc. No. 15, ¶ 11; *see also* Doc. No. 15-12. As such, Defendant requests that Plaintiff: (1) respond in full to Interrogatories 3, 9, 10, 11, 19, and 22, and thereafter to verify in full her Interrogatory responses; (2) respond in full to the Requests for Production; and (3) to appear for deposition within 30

---

[1] On August 12, 2022, one of Plaintiff's attorneys of record, Jennifer Sniadecki, moved to withdraw. Doc. No. 12. The Court denied the motion without prejudice on August 15, 2022 for failure to comply with Local Rules 3.01(a) and 2.02(c). Doc. No. 13. Attorney Sniadecki has never renewed her motion, therefore she remains counsel of record. In addition, Mark Bonfanti has never moved to withdraw, and also therefore remains counsel of record.

days of the date Plaintiff submits her full discovery responses.  Doc. No. 15, at 13.  Defendant also seeks an award of fees and costs for the preparation of this motion.  *Id.*

Plaintiff, who remains represented by counsel, has not responded to the motion, and the time to do so has expired.  *See* Local Rule 3.01(c) (providing 14 days to respond to a motion).[2]  As such, the Court will consider the motion unopposed.  *See id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").  *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel

---

[2] Defendant's motion fails to comply with Local Rule 3.01(g)(3) (requiring a supplemental notice of conferral attempts where an opposing party is unavailable prior to a motion's filing).  In the interests of judicial efficiency, in this one instance, the Court will not deny the motion based on this deficiency.  Counsel for Defendant is reminded to comply with all applicable Local Rules and Court Orders, and future filings that fail to do so may be summarily denied or stricken.

- 3 -

unopposed). The Court has reviewed the Interrogatories and Requests for Production, Defendant's motion, and the attached exhibits and finds, particularly in light of the lack of opposition, that the motion to compel is well taken.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Compel (Doc. No. 15) is **GRANTED**. On or before **March 15, 2023**, Plaintiff shall serve on Defendant complete, sworn answers to Interrogatories 3, 9, 10, 11, 19, and 22, as well as verify all Interrogatory responses. By this same deadline, Plaintiff shall also execute the releases attached to these Interrogatories. *See* Doc. No. 15-1.

2. On or before **March 15, 2023**, Plaintiff shall produce to Defendant all documents in her current possession, custody, or control that are responsive to Defendant's First Request for Production. *See* Doc. No. 15-2.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at * 2 (same); *LIMU Co., LLC v. Burling*, No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013) (same).

4. The discovery deadline in this case is **March 10, 2023.** Doc. No. 11, at 3. However, the discovery deadline is extended for the **sole purpose** of taking Plaintiff's deposition on or before **April 14, 2023**. The discovery deadline is not extended for any other purposes, and this Order **may not be used** as a basis for seeking an extension of any other deadlines in this case, including but not limited to the April 21, 2023 deadline for filing summary judgment, *Daubert*, and *Markman* motions. *See id.* Plaintiff is directed to contact Defendant within **seven (7) days** of the date of this Order to schedule Plaintiff's deposition. If Plaintiff does not contact Defendant within this time period, Defendant may unilaterally schedule Plaintiff's deposition. *See* Middle District Discovery (2021) § (II)(A)(1).

5. As the prevailing party, Defendant is entitled to recover reasonable attorney's fees and costs unless: (1) the motion to compel was filed before Defendant attempted in good faith to get the discovery without Court action; (2) Plaintiff's position was substantially justified; or (3) other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). None of the exceptions apply, and Plaintiff was given an opportunity to respond but provided no argument that would suggest an award of fees and costs here would be unjust. *See Westchester*, 2019 WL 5294804, at *1. As such, the Court finds that Plaintiff and her counsel are jointly and severally liable to Defendant for

its reasonable attorney's fees and costs for the prosecution of this motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A).  The parties are directed to meet and confer on the appropriate amount of fees and costs to be awarded to Defendant for the preparation and filing of this motion, and to file a joint notice of same on or before **March 15, 2023**.  If the parties are unable to reach agreement, Defendant shall file a motion for fees and costs on or before **March 22, 2023**, and such motion must be supported by both evidence and citation to relevant legal authority.  Plaintiff shall have until **April 5, 2023** to file a response to that motion.

**DONE** and **ORDERED** in Orlando, Florida on February 22, 2023.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties